# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CURTIS MITCHELL,** | : | |
| Petitioner | : | No. 1:16-cr-00118 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the Court is pro se Petitioner Curtis Mitchell ("Petitioner")'s motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 75.) For the following reasons, the Court will deny Petitioner's § 2255 motion.

## I. BACKGROUND

On May 4, 2016, Petitioner was charged by indictment with: (1) distribution and possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1); (2) possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c); (3) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e); and (4) possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861(d) and 5871. (Doc. No. 1.) Petitioner subsequently entered into a plea agreement with the Government. (Doc. No. 49.) The plea agreement called for Petitioner to plead guilty to Count III of the indictment. (Id. ¶ 1.) On October 11, 2017, Petitioner appeared before Chief Magistrate Judge Schwab for a change of plea hearing. (Doc. No. 54.) Chief Magistrate Judge Schwab concluded that Petitioner was fully competent to enter an informed plea and understood the consequences of his plea, that he was pleading guilty knowingly and voluntarily, and that the plea was supported by an independent basis in fact. (Doc. No. 57.) On that date, Chief Magistrate Judge Schwab recommended that this Court accept Petitioner's guilty plea (id.), and on October 26, 2017, the Court accepted

Petitioner's guilty plea (Doc. No. 58). On April 18, 2018, the Court sentenced Petitioner to a term of imprisonment of two hundred ten (210) months, to be followed by a term of supervised release of three (3) years. (Doc. No. 66.) After Petitioner appealed the Court's April 18, 2018 judgment (Doc. No. 68), the Third Circuit dismissed Petitioner's appeal on September 27, 2018 (Doc. No. 74).

On March 26, 2019, Petitioner, proceeding pro se, filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 75.) After Petitioner completed a notice of election form indicating that he wished to have the Court rule on his § 2255 petition as filed (Doc. No. 77), the Government filed a brief in opposition to the motion on June 3, 2019 (Doc. No. 80). Accordingly, because the time for further briefing has passed, Petitioner's § 2255 motion is ripe for disposition.

## II.     LEGAL STANDARD

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion requesting that the sentencing court vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the [C]ourt was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." See 28 U.S.C. § 2255(a). However, § 2255 does not afford a remedy for all errors that may have been made at trial or during sentencing. See United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993) (citing United States v. Addonizio, 442 U.S. 178, 185 (1979)). Rather, § 2255 is implicated only when the alleged error raises "a fundamental defect which inherently results in a complete miscarriage of justice." See Addonizio, 442 U.S. at 185.

## III. DISCUSSION

In his § 2255 motion, Petitioner requests that the Court grant him "a corrected sentence within the unenhanced Guideline" and "a withdrawal of the guilty plea." (Doc. No. 75 at 13.) Petitioner asserts four bases in support of his request for such relief. (Id. at 4-22.) The Court will address each asserted basis for relief in turn.

### A. The Court's Alleged Failure to Adhere to the Parsimony Provision

Petitioner first asserts that the "sentencing judge failed to properly adhere to [the] parsimony provision factors" because "[a]ccording to [18 U.S.C. § 3553(a),] if the sentencing judge takes into consideration the nature and circumstances of the instant offense and the history of the defendant in conjunction with the Armed Career Criminal Act [("ACCA"),] it is not feasible that the constructive possession in the instant offense would trigger the ACCA enhancement." (Doc. No. 75 at 4.) In response, the Government characterizes Petitioner's argument as asserting that "the sentencing enhancements under the [ACCA] violated the parsimony principle of 28 U.S.C. § 3553a," or, in other words, "had the Court known that ACCA would enhance [Petitioner's] sentence, it would not have found [Petitioner] guilty of the underlying offense." (Doc. No. 80 at 5-6.) The Government first asserts that such an argument fails because "[Petitioner] pleaded guilty to the underlying offense and, as a result, does not have a basis to attack his underlying conviction under 28 U.S.C. § 2255." (Id. at 6.) The Government further argues that even if Petitioner could attack his underlying conviction, his attack fails because: (1) there is no doubt that the Court was aware of the potential sentencing enhancement because it was specified both in the plea agreement and during the plea colloquy; and (2) "the potential sentence has no merit on the finding of underlying guilt." (Id. at 7.) The Government also contends that if Petitioner is arguing that the Court should have declined to apply the ACCA

3

enhancement, this argument also fails because the Court was statutorily mandated to apply the enhancement. (Id. at 8.)

Although Petitioner's argument is unclear, it appears that Petitioner is arguing that the Court failed to abide by the parsimony provision of 18 U.S.C. § 3553(a) when it imposed the ACCA sentencing enhancement pursuant to 18 U.S.C. § 924(e).[1] 18 U.S.C. § 3553(a)(2) provides that:

> The [C]ourt shall impose a sentence sufficient, but not greater than necessary . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2). This provision is sometimes referred to as the parsimony provision. See United States v. Smith, 325 F. App'x 77, 79 (3d Cir. 2009). However, "[a] sentencing court has no authority to sentence a . . . defendant below the statutory minimum sentence except upon a motion by the government or in the case of nonviolent controlled-substances crimes where specific factors are met." See McCalla v. United States, No. 13-cv-6977, 2019 WL 585431, at *8 (D.N.J. Feb. 13, 2019) (citing United States v. Morton, 187 F. App'x 222, 225 (3d Cir. 2006); United States v. Kellum, 356 F.2d 285, 289 (3d Cir. 2004)). Neither of those exceptions is present in this case. Further, the imposition of mandatory minimum sentences, such as the challenged ACCA enhancement, does not conflict with the parsimony provision of § 3553(a).

---

[1] 18 U.S.C. § 924(e) "mandates a minimum sentence of fifteen years' imprisonment if the felon in possession of a firearm has three previous convictions for either 'a violent felony' or 'a serious drug offense'" See United States v. Daniels, 915 F.3d 148, 150 (3d Cir. 2019) (citing 18 U.S.C. § 924(e)). Petitioner was subject to such a sentencing enhancement based on his prior serious drug offense convictions. (Doc. No. 60 ¶¶ 20, 25, 26, 28)

4

See Kellum, 356 F.3d at 289; United States v. Crenshaw, 486 F. App'x 379, 380 (4th Cir. 2012) ("[W]e conclude that no conflict exists between § 3553(a) and the statutorily-imposed mandatory minimum sentence in § 924(e)."). Accordingly, Petitioner is not entitled to relief on this basis.

### B. The Court's Failure to Suppress Evidence

Petitioner next argues that the Court "failed to suppress evidence after an officer involved with the case was convicted." (Doc. No. 75 at 6.) Petitioner asserts that "the head of the police unit that arrested [Petitioner] was placed under arrest and then convicted for stealing money and evidence from the Harrisburg Police Department's evidence room." (Id.) The Government, construing Petitioner's assertion as a claim that "his Fourth Amendment right to [be free from] unlawful search and seizure was violated," argues that such a claim "is most likely not cognizable on [§] 2255 collateral review." (Doc. No. 80 at 9-10.) The Government further argues that even if such a claim is cognizable, it is meritless because the Court properly denied Petitioner's motion to suppress evidence on that basis after holding an evidentiary hearing. (Id. at 10-11.) Assuming that Petitioner's claim is cognizable under § 2255,[2] the Court concludes that it properly denied Petitioner's motion to suppress after holding an evidentiary hearing (Doc. No. 47) and Petitioner has presented no reason for the Court to depart from that determination. Accordingly, Petitioner is not entitled to relief on this basis.

### C. Petitioner's Claim of Ineffective Assistance of Counsel

Petitioner next argues that he was deprived of his right to effective assistance of counsel because his counsel "provide[d] false and misleading information to [Petitioner] in order to

---

[2] The Court notes that it is questionable whether such a claim is reviewable when asserted in a § 2255 motion. See United States v. Blakney, No. 16-3930, 2017 WL 5067386, at *1 (3d Cir. Feb. 9, 2017) (citing United States v. Lor, 706 F.3d 1252, 1257-58 (10th Cir. 2013); Brock v. United States, 573 F.3d 497, 500-01 (7th Cir. 2009)).

5

secure a guilty plea." (Doc. No. 75 at 7.) Petitioner asserts that he asked his counsel by letter "if he was certain that specific prior offenses were unusable for any consideration concerning the [ACCA]," but "[t]he letter went unanswered until five minutes before the sentencing hearing when [Petitioner's] counsel again stated [that] the [prior offenses] could not be used." (Id.) In response, the Government argues that "there is no evidence [that Petitioner's counsel] provided [Petitioner] any incorrect or inappropriate advice with regard to sentencing enhancements" and notes that the indictment and plea agreement "placed [Petitioner] on notice of the potential for enhanced penalties under 18 U.S.C. § 924(e)" and that Petitioner "was also specifically informed of those penalties during his guilty plea colloquy on October 11, 2017." (Doc. No. 80 at 12-13.) The Government further argues that Petitioner's claim lacks merit because he failed to allege that the alleged incorrect advice from his counsel "changed his decision to plead guilty." (Id. at 13.)

In order to establish entitlement to relief, a collateral attack of a sentence based upon a claim of ineffective assistance of counsel must meet a two-part test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). See George v. Sively, 254 F.3d 438, 443 (3d Cir. 2001). The first Strickland prong requires a petitioner to "establish first that counsel's performance was deficient." See Jermyn v. Horn, 266 F.3d 257, 282 (3d Cir. 2001). This prong requires a petitioner to show that counsel made errors "so serious" that counsel was not functioning in accordance with the guarantees of the Sixth Amendment. See id. To that end, a petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. See id. (citing Strickland, 466 U.S. at 688). However, "[t]here is a 'strong presumption' that counsel's performance was reasonable." See id. Under the second Strickland prong, a petitioner "must demonstrate that he was prejudiced by counsel's errors." See id. This prong requires a petitioner to show that "there

is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." See id. (quoting Strickland, 466 U.S. at 694). Reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome." See id. (quoting Strickland, 466 U.S. at 694). In the context of a petitioner who has entered a guilty plea, "the petitioner demonstrates prejudice by showing that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" See Arnold v. Superintendent SCI Frackville, 322 F. Supp. 3d 621, 632 (E.D. Pa. 2018) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985); Boyd v. Waymart, 579 F.3d 330, 350 (3d Cir. 2009)).

Plaintiff has failed to allege that he would not have pleaded guilty and would have gone to trial had his counsel not provided the allegedly deficient answer regarding whether Petitioner's prior convictions were ACCA predicates. (Doc. No. 75 at 7.) Because this type of allegation is required for a claim of ineffective assistance of counsel in a guilty plea context, Plaintiff is not entitled to relief on this basis. See Hill, 474 U.S. at 60 (concluding that a district court did not err in declining to hold an evidentiary hearing and dismissing an ineffective assistance of counsel claim where the "[p]etitioner did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial"); Dooley v. Petsock, 816 F.2d 885, 891-92 (3d Cir. 1987) (affirming a district court's dismissal of a petitioner's ineffective assistance of counsel claim because, inter alia, the petitioner "failed to allege that he would not have entered a plea of guilty had [his counsel] been disqualified").[3]

---

[3] The Court further notes that it appears that the ACCA enhancement would have been applied regardless of whether Petitioner had pleaded guilty or been convicted following a trial. See Hill, 474 U.S. at 60 ("Indeed, [the] petitioner's mistaken belief that he would become eligible for

7

### D. Vagueness of 18 U.S.C. § 924(e)

Finally, Petitioner asserts that the "vagueness of [18 U.S.C. § 924(e)] renders its application invalid." (Doc. No. 75 at 8.) Petitioner argues that § 924(e) "does not clearly identify the crimes it prohibits and which may lead to an [ACCA] enhancement being applied." (Id.) In response, the Government contends that Petitioner's argument fails because although "the 18 U.S.C. § 924(e)(2)(B)(ii) 'residual clause' was determined to be unconstitutionally vague in Johnson v. United States, 135 S. Ct. 2551 (2015)[,] . . . the ACCA "residual clause" and Johnson ruling applied only to violent felonies." (Doc. No. 80 at 14.) The Government argues that because Defendant was convicted of three drug trafficking offenses and "[t]here is no caselaw or other support to find the ACCA vague with regard to controlled substance offense[s]," his claim lacks merit. (Id.)

As the Government noted, the Supreme Court determined that 18 U.S.C. § 924(e)(2)(B)'s residual clause was unconstitutionally vague in Johnson. See Johnson, 135 S. Ct. at 2557, 2563. However, the residual clause pertains to the ACCA's definition of "violent felony." See id. at 2555-56.[4] Because Petitioner's ACCA enhancement is not premised on prior violent felony convictions but, rather, on prior serious drug offense convictions (Doc. No. 60 ¶¶ 20, 25, 26, 28), Johnson does not prohibit the Court from applying the ACCA enhancement to Petitioner on the

---

parole after serving one-third of his sentence would seem to have affected not only his calculation of the time he likely would serve if sentenced pursuant to the proposed plea agreement, but also his calculation of the time he likely would serve if he went to trial and were convicted.").

[4] Under the ACCA, "[a] defendant qualifies as an armed career criminal [and the associated enhancement] if, in relevant part, he has three or more previous convictions for a 'violent felony' or a 'serious drug offense.'" See United States v. Green, 898 F.3d 315, 319 (3d Cir. 2018) (citing 18 U.S.C. § 924(e)(1)).

basis of those convictions.[5] Accordingly, the Court concludes that Petitioner is not entitled to relief on this basis.

> E. **Certificate of Appealability**

In proceedings brought under § 2255, a petitioner cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued. A court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, the Court concludes that jurists of reason would not disagree with the Court's assessment of Petitioner's claims. Accordingly, the Court will not issue a COA.

**IV. CONCLUSION**

For the foregoing reasons, the Court will deny Petitioner's § 2255 motion (Doc. No. 75). The Court will not issue a COA. An appropriate Order follows.

---

[5] Further, the Court is unaware of and Petitioner does not cite any authority that supports a finding that an ACCA enhancement on the basis of prior serious drug offenses is invalid due to the vagueness of § 924(e).